Case No. 5 today is McCoy v. Noem. Ms. Abram. Good morning. May it please the Court, my name is Kristina Abraham, and I represent the Plaintiff Appellant, Derrick McCoy. The dismissal of this case turned not on the facts, not on the evidence, but on the exclusion of facts and evidence. This case was dismissed at summary judgment only because the District Court excluded the sole comparator and then credited DHS's claim that there were independent reviews that broke causation. On this record, neither conclusion holds. When the evidence is viewed as Rule 56 requires, a reasonable jury could find that Inspector Taylor's age bias was the forecast. Ms. Abraham, could you just lay out in short compass what it is that the Department of Homeland Security did to discriminate on account of race or age? Sure. There was an incident that occurred at a Social Security Administration location. Yes, we know that, but that didn't involve the Department of Homeland Security. I'm asking what it is the Department of Homeland Security particularly did, because that's the only defendant. An FPS, DHS employee, Inspector Taylor, produced a biased report that singled out my client, the oldest PSO on duty that day. That led to his termination. Yes, we understand that, too, but I'm asking what the Department of Homeland Security did. FPS Taylor worked on behalf of the Department of Homeland Security, so when he issued his biased report, he was doing that on behalf of DHS. Moreover, the Department of Homeland Security denied Mr. McCoy's suitability determination based on Inspector Taylor's biased report. Ms. Abraham, I don't know if I'm confused about the same thing, but let me try it this way. Okay. Your client's employer was this group called Paragon Systems. Correct. Right. Okay. There's been some kind of resolution, settlement, in whatever claim your client had against Paragon Systems. He was ordered reinstated pending a suitability determination by DHS that would allow him to be reposted to DHS sites. The claim that is brought against the only defendant that is in front of us is a claim under the Federal Age Discrimination Act, correct?  Okay. DHS is not his employer. So I must say, I don't know if this is what Judge Easterbrook is asking or not, but I am confused about the whole entire theory of the case against this defendant, the non-employer defendant. What is going on with this lawsuit? This issue was raised at a motion to dismiss at the lower level, and the District Court held that DHS could be considered an employer for the purposes of the anti-discrimination framework because DHS employees supervised these Paragon employees. They were contracted. So they supervised them. They provided reviews, and they were able to recommend discipline. What the District Court may have thought does not bind us. We are asking this question independently. Don't assume an answer to it. Sure, fair enough. But I would point out that this wasn't raised on appeal. Is the theory, though, that somehow not deeming him suitable violated the Age Discrimination Act? Yes, because the reason that they deemed him unsuitable is based off of a report that Inspector Taylor, who was biased against Mr. McCoy on the basis of his age, had reported. He made that report, and higher-ups, and the evidence is clear on this, the decision-makers during the suitability determination process knew Mr. Taylor, trusted Mr. Taylor, and went off of his reporting without conducting an independent investigation, which under Staub would include the compensation. What is the adverse employment action? Let me try it that way. Is the adverse employment action determination? No, because he was reinstated by Paragon. It's the failure to approve his suitability determination. That was ultimately and is and remains the only reason why Mr. McCoy was unable to return to work. Does that make sense? I believe under the law and under the framework, they are an employer in this case because they did exercise control over his employment. They were capable of reviewing his performance, of initiating discipline, of recommending his discharge. Even though they weren't paying his checks, they were contracting his employment. Suppose a private employer hires someone contingent on the agency providing a security clearance, and the agency says, we don't deem this person worthy of a security clearance. Does that make the agency the employer? In some context, and in this one, it does because in this one— I'm not asking about this one. It doesn't involve a security clearance. Do you have some statute or case saying that the agency denying a security clearance is an employer? The only one that first comes to mind is Rattigan v. Holder. But because this wasn't briefed on appeal, I would have to bring this up on rebuttal. But what I do want to say about it is that I believe the case law is clear from my recollection of the motion to dismiss and the judge's decision there. And we have to look at this case. We're not looking at this in an abstract, in a vacuum. That DHS did exercise employer-type powers over Mr. McCoy that can't be ignored here. And that did lead to the denial of his suitability determination, and that can't be ignored because it's not disputed. The comparator that was excluded by the court was PSO Latrice Haywood, and she was on duty that day. She responded to the same incident. She exercised the same discretion in responding to the detainee. What judgment did the agency make with respect to Haywood? Nothing. They did not report her for committing misconduct.  To make a claim of discrimination by comparison, you have to show that the agency or person who made the decision compared poorly with the other person. If the Department of Homeland Security never did anything with respect to Haywood, in what sense is Haywood a comparator? She's a comparator, especially because she was there at the time of the incident, and Inspector Taylor chose not to report her. He chose only to report the oldest PSO. That sounds like the kind of claim that would be made against Paragon. No, because it is Inspector Taylor who was employed by DHS. Look, trying to talk over a judge is not a successful strategy. I apologize. I'm trying to get my point across. What you're saying sounds like the argument in a claim against Paragon. No. But Paragon said that McCoy would be reinstated if the department would approve. So we need to look at what the department is doing. And how did the department make an adverse comparison via the Haywood? It did not conduct any kind of independent review. It just repeated the biased report that Taylor made. So there's no formal FPS determination process for deciding whether a PSO's discretionary decision to detain or restrain a person is correct. Taylor's report merely singled out the oldest PSO on duty that day and ignored the conduct, the identical conduct of younger PSOs. Paragon relied on that report and then later rescinded that termination. And then the suitability process began again. And here, before any review, the decision maker in that process, Ms. Martinez, characterized the incident as super messy. She admitted that description came from Taylor. She instructed adjudicator Campbell to contact Taylor for more information before they spoke to McCoy. No witnesses were interviewed. No formal policy adjudication occurred. No independent facts were developed. And they could not even articulate what he did to violate the rules. They concluded he was unsuitable based on Taylor's reporting. And under Staub v. Proctor, that's reliance, not insulation. And I would say that the next thing that the court ended up doing was in not looking at the evidence holistically under the Ortiz standard. Taken together, a jury could reasonably infer Taylor discriminated against McCoy on the basis of his age. He had made repeated statements that older PSOs were too old and not in shape and unable to do their job. And then he had a known reputation within FPS amongst his colleagues for exaggeration, which they referred to as the Jamie sauce. And critically, he selectively escalated a discretionary incident involving the oldest PSO on duty and ignored the younger PSO's conduct that day. And that selective escalation does matter because these facts don't exist in silos. They don't exist in a vacuum. And they are not stray remarks. They came exactly from the decision from the person who then the suitability determination relied upon to deny the suitability. Your Honor, I think I'm running into my rebuttal time. So, if there is nothing else, I'd like to reserve the remaining time. Certainly, counsel. Thank you. Ms. Terman. May it please the court, counsel. What did the Department of Homeland Security do? They provided a security clearance for employees of a private company, Paragon Systems. And that process involved an e-kip application, which the federal employees in this building might be familiar with. It asks you to list everywhere you've lived for the past 10 years, your employment history, any criminal convictions, things concerning your credit score. And then all that information is put into a form and it is scored. So, if there are recent arrests or recent terminations, they are given a score. And the applicant is then allowed to provide mitigating information about a termination, for example, or an arrest. Mr. McCoy was given an opportunity to do that. And then the department will decide whether someone is suitable or not suitable. And that's something that can change over time. So, Mr. McCoy could apply now, for example. And because his termination is more remote in time, it would be given a different score and it might lead to a different result. So, when asking what did the Department of Homeland Security do, what is the adverse action here, it's the suitability determination. That's it. And so, Mr. McCoy proceeded through that application process and he was asked about this termination incident. And his account corroborated the account that is now being complained of by the FBS employee. Can you help us out on this employer question?  What's going on with that? The Department of Homeland Security, specifically Federal Protective Services, which is in charge of keeping all of our federal buildings safe in this district, hires a company called Paragon to provide security guards at federal buildings, like the many Social Security field offices that are in the Chicagoland area. Paragon qualifies those individuals. It trains those individuals, trains them in defensive tactics, for example. I mean, I have no trouble at all understanding Paragon as an employer of Mr. McCoy. That part I totally get. What I don't understand, maybe I should, is the Department of Homeland Security is somehow an employer for purposes of a claim under the Age Discrimination Act. Yes, I'm sorry. I understand your question now. Our position is that the department is not and was not Mr. McCoy's employer at any point. And we move to dismiss on that basis. And that can be the motion and the arguments contained therein can be found in the record below. The district court denied that motion and found that there were factual disputes that it needed to make a determination as to what sort of level of control the Department of Homeland Security had over things like Mr. McCoy's schedule, for example. This is what throws me off, though. Because when I opened your brief, I thought on page one that I would see statements that I have no idea why the Department of Homeland Security has been sued under the Age Discrimination Act. It doesn't employ this gentleman. We took from the district court's decision on our motion to dismiss that it had already found there were factual disputes concerning whether or not the department was Mr. McCoy's employer. Is this like some kind of idea of joint employment or co-employment? Yes, Your Honor. What's the jargon? Joint employer. Okay. That there were factual disputes. So we conceded for purposes of summary judgment only that there were factual disputes as to whether DHS was a joint employer. But we would have argued at trial, that would have been one of the factual issues to resolve at trial, whether or not the department was Mr. McCoy's employer. And there's just one other point of clarification I'll make briefly. On the issue of whether or not the disclosure of Ms. Haywood prejudiced the Department of Homeland Security here, the appellant in the reply says that we were not prejudiced because we are in control of her personnel records and didn't need any discovery. That's just not true. Ms. Haywood was an employer of Paragon Systems. The Department of Homeland Security wasn't in possession or control of any of her personnel records. That's something that would have needed to be pursued through third-party discovery, which the department did not have an opportunity to do because she was disclosed only after the close of discovery. So if there are no further questions, we'd ask that the court affirm. Thank you. Thank you, counsel. Anything further, Ms. Abram? You have about 30 seconds. Just briefly, DHS knew that Haywood would become a comparator because McCoy pled as much in his filed complaint. He had always pointed to a PSO that was younger, that was there that day, that was treated more favorably. And when they were questioning Mr. McCoy about this during his deposition and he couldn't recall her name, they volunteered it. That's not unfair surprise. And then with regard to the factors, the courts, the lower court had cited a case called Knight v. United Farm Bureau Mutual Insurance Company and Fray v. Coleman in articulating the test that would be applied to see whether this was an employer, whether DHS could be treated as an employer. So I would ask you to look at that. Thank you for your time. The case was taken under advisement.